IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GREG KNOWLES, Individually and as Class
Representative on Behalf of all Similarly Situated
Persons within the State of Arkansas,                                    PLAINTIFF

v.                                No. 4:11-cv-04044

THE STANDARD FIRE INSURANCE COMPANY                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Plaintiff's Motion to Remand and supporting Memorandum of Law (Docs. 6-7) and Defendant's Response (Doc. 9). Plaintiff disputes the existence of diversity jurisdiction in this case, as he contends that the amount in controversy does not exceed the sum or value of $5,000,000, pursuant to the jurisdictional requirements described in the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332 (d). For the reasons reflected herein, Plaintiff's Motion to Remand (Doc. 6) is **GRANTED**, and this case is remanded to the Circuit Court of Miller County, Arkansas.

## I. Background

On April 13, 2011, Plaintiff Greg Knowles filed a putative class action complaint in the Circuit Court of Miller County, Arkansas, against Defendant The Standard Fire Insurance Company alleging breach of contract due to Defendant's underpayment of claims for loss or damage to real property made pursuant to certain homeowners insurance policies. *See* Doc. 2, ¶ 32. Plaintiff's home was damaged by hail on or about March 10, 2010, and thereafter, Plaintiff requested payment from Defendant for this damage. Plaintiff alleges that under the homeowners policy of insurance issued by Defendant, Plaintiff and others similarly situated were entitled to be fully reimbursed for

such loss or damage but were not fully reimbursed.  Specifically, Plaintiff asserts that Defendant failed to pay for charges reasonably associated with retaining the services of a general contractor to repair or replace damaged property.  These charges, known as general contractors' overhead and profit ("GCOP"), comprise an extra 20% fee routinely assessed by contractors when repairing damaged property.  *Id.* at ¶¶ 1-4.  According to Plaintiff, Defendant fraudulently concealed its obligation to pay GCOP charges and forced Plaintiff to bear this cost and suffer the ensuing damage. *Id.* at ¶¶ 33-45.  The purported class of persons injured by Defendant's alleged breach of contract for failure to pay GCOP on homeowners insurance contracts includes "hundreds, and possibly thousands, of individuals geographically dispersed across Arkansas. . ."  *Id.* at ¶ 26.

Defendant removed this case to federal court on May 18, 2011, arguing that Plaintiff fraudulently framed the definition of the purported class in order to limit recovery to two years, rather than the five years available under the applicable statute of limitations.  Defendant also asserted that although Plaintiff signed a stipulation limiting his and the purported class's recovery, Plaintiff's counsel failed to sign a stipulation that they would not seek or accept an award of attorneys' fees that would allow the total amount in controversy to exceed state court jurisdictional limits.  Moreover, Defendant maintained that Plaintiff lacked the authority to place a limit on recovery that would bind the other class members.

On June 6, 2011, Plaintiff moved to remand the case back to state court, citing in support of his motion his binding stipulation executed prior to removal, which expressly limited his and the class's recovery to within state jurisdictional limits.  Plaintiff also asserted that as master of his Complaint, he had the right to limit his claims so as to bring this action in the forum of his choice. *See* Doc. 7, pp. 5-6.

2

## II.  Legal Standard

When analyzing the propriety of removal of a case to federal court, the removing party has the burden of showing that jurisdiction in the federal courts is proper and the requisite amount in controversy has been met.  *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). Federal courts must strictly construe the federal removal statute and resolve any ambiguities about federal jurisdiction in favor of remand.  *Transit Casualty Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

CAFA operates to grant federal district courts original jurisdiction over class actions where there is diversity of citizenship between the plaintiff and defendant and when "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332 (d)(2).  The claims of the potential class members must be aggregated to determine whether the jurisdictional minimum has been met.  28 U.S.C. § 1332 (d)(6).  The guiding principal courts follow in establishing whether or not removal is proper is that the plaintiff is the master of his complaint, even in class action cases.  *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Therefore, in determining the amount in controversy, a court looks first to the complaint.  "If [a plaintiff] does not desire to try his case in the federal court, he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938).

Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith."  *Id*. at 289.  Although Plaintiff in the instant case does not claim to be owed a specific dollar amount in damages, he does impose a limitation on the amount he and the purported class may recover.  In his Complaint, Plaintiff states that "neither Plaintiff's nor any individual Class Member's

3

claim is equal to or greater than seventy-five thousand dollars ($75,000), inclusive of costs and attorneys fees, individually or on behalf of any Class Member. . . Moreover, the total aggregate damages of the Plaintiff and all Class Members, inclusive of costs and attorneys' fees, are less than five million dollars ($5,000,000), and the Plaintiff and Class stipulate they will seek to recover total aggregate damages of less than five million dollars ($5,000,000)." Doc. 2, ¶11.

Exhibit A attached to the Complaint is a "Sworn and Binding Stipulation," signed by Plaintiff, affirming that he will not at any time during the pendency of the case "seek damages for myself or any other individual class member in excess of $75,000 (inclusive of costs and attorneys' fees) or seek damages for the class as alleged in the complaint to which this stipulation is attached in excess of $5,000,000 in the aggregate (inclusive of costs and attorneys' fees)." *Id.* at p. 16.

To defeat remand, a defendant has the burden of showing by a preponderance of the evidence that the amount in controversy exceeds the federal court's minimum threshold for jurisdiction, which is $5 million in the aggregate. *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). The Court must engage in a "fact intensive" inquiry to determine whether the preponderance of the evidence standard has been met. *Bell*, 557 F.3d at 959. Mere speculation or conjecture on the part of the defendant as to the amount in controversy will not be sufficient to meet the preponderance standard. *See, e.g.*, *Thomas v. Southern Pioneer Life Ins. Co.*, 2009 WL 4894695, *2 (E.D. Ark. Dec. 11, 2009); *Nowak v. Innovative Aftermarket Sys.*, 2007 WL 2454118 (E.D. Mo. Aug. 23, 2007).

Once the preponderance standard is met and the defendant establishes enough detail to meet the jurisdictional requirement for the amount in controversy, the court turns its attention to the plaintiff, who must establish "to a legal certainty" that his claim is actually under the $5 million

threshold.  *Bell*, 557 F.3d at 956 (*citing St. Paul Mercury*, 303 U.S. at 290).  Any doubt as to federal

jurisdiction must be resolved in favor of remand.  *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613,

620 (8th Cir. 2010).

### III.  Discussion

#### A.  Defendant's Legal Burden: Preponderance of the Evidence

Defendant has presented evidence to the Court that the class as defined in Plaintiff's

Complaint has an actual amount in controversy of slightly over $5 million (*see* Doc. 9-9).[1]

Defendant arrives at that figure by calculating the GCOP at 20% of the total damages purportedly

owed to class members over the course of two years.  This GCOP total for the proposed class is

$3,054,961.  *See* Doc. 1, ¶ 17.  Added to that are a 12% statutory penalty for breach of contract and

an award of attorneys' fees amounting to 40% of the presumed recovery, plus pre-judgment interest.

Defendant arrives at the 40% figure on attorneys' fees by referencing a similar case in which the

Arkansas Court of Appeals calculated an attorney fee award in an insurance case using 40% of the

damages awarded.  *See* Doc. 9, pp. 9-10.  When Defendant's projection for the cost of Plaintiff's

attorneys' fees is added in, this brings the total award up to $5,024,150, which exceeds the statutory

maximum for state court jurisdiction by $24,150.

The affidavit of Brian N. Harton, Director of Product Management for Defendant, attests that

the damages total submitted, excluding the penalty and attorneys' fees, is true and correct.  Doc. 9-9.

Overall, considering the briefing and evidence before the Court, Defendant's calculations do not

---

[1]    Defendant submitted alternate sets of data to the Court: one for a class spanning two years of recovery, and one for a class spanning five years of recovery.  As explained in further detail below, the Court finds that Plaintiff has the right to limit the class to a two-year period of recovery for purposes of calculating damages.  Accordingly, the data referred to in the Court's discussion pertains to the two-year period set forth in Plaintiff's Complaint.

appear to be mere speculation or conjecture.  Moreover, Plaintiff has failed to counter Defendant's estimates with evidence or argument.  Therefore, the Court considers Defendant to have satisfied its initial burden of proving by a preponderance of the evidence that the actual amount in controversy reaches, if not exceeds, the federal court's minimum threshold for jurisdiction pursuant to CAFA.

## B.  Plaintiff's Legal Burden: Legal Certainty

Now that Defendant has met its burden of proof, the burden shifts to Plaintiff to prove to a legal certainty that his claim falls under the $5 million threshold for remand to state court.  The question is whether a plaintiff may meet his burden of proof by stipulating at the time the complaint is filed that he will not seek more than the federal jurisdictional minimum for himself and the putative class.  Even though the *Bell* court did not specifically reference the legal certainty burden, it did conclude that a clear stipulation would meet the requirements for defeating removal.  It follows, therefore, that if a stipulation is legally binding and made in good faith, it can satisfy the plaintiff's legal certainty burden and defeat removal.  *Bell*, 557 F.3d at 956; *see also Tuberville v. New Balance Athletic Shoe, Inc.*, 2011 WL 1527716, *3 (W.D. Ark., April 21, 2011)*.

### 1.  Plaintiff's Stipulation

The law in this circuit is clear that a binding stipulation sworn by a plaintiff in a purported class action will bar removal from state court if the stipulation limits damages to the state jurisdictional minimum.  *Bell*, 557 F.3d at 958, *citing De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) ("In order to ensure that any attempt to remove would have been unsuccessful, [plaintiff] Bell could have included a binding stipulation with his petition stating that he would not seek damages greater than the jurisdictional minimum upon remand").  Various federal courts in Arkansas, including this one, have remanded several purported class actions to state court using the

guideline set forth in *Bell* regarding the effect of a plaintiff's binding stipulation.  *See, e.g., Thompson v. Apple, Inc.*, 2011 WL 2671312 (W.D. Ark. July 8, 2011); *Tomlinson v. Skechers U.S.A., Inc.*, Case No. 5:11-CV-05042-JLH (W.D. Ark. May 25, 2011); *Murphy v. Reebok Int'l, Ltd.*, 2011 WL 1559234 (E.D. Ark. April 22, 2011); *Tuberville v. New Balance Athletic Shoe, Inc.*, 2011 WL 1527716 (W.D. Ark. April 21, 2011).

Defendant claims that Plaintiff's sworn stipulation is invalid for two reasons.  First, Defendant contends that the wording of the stipulation telegraphs Plaintiff's desire to circumvent CAFA and  receive an award in excess of the $5 million threshold.  Plaintiff's stipulation states that he "will not. . . seek" damages in excess of $5 million in the aggregate.  This language does not adequately bind Plaintiff, according to Defendant, because Plaintiff has not "refused to accept" a damage award in excess of the maximum.  Defendant fears that Plaintiff's choice of the word "seek" is intentionally made in order to leave open the door for a larger award than the maximum allowed in state court.  Defendant cites no authority to support its view that Plaintiff's promise not to "seek" an award over jurisdictional limits is unenforceable, but "refusing to accept" such an award would be binding.  Magic words or blood oaths are not required in order to make a sworn stipulation binding.  The Court finds Plaintiff's sworn stipulation is sufficient and meets the standard suggested by the Eighth Circuit in *Bell* to effectively bar removal.  Plaintiff would also be judicially estopped from asserting a claim in state court for attempting to recover more than the amount contemplated in the stipulation.  *See Thompson,* 2011 WL 2671312 at *3*, citing Dupwe v. Wallace,* 140 S.W. 3d 464, 467 (Ark. 2004); *see also Tuberville*, 2011 WL 1527716 at *4.

The second argument Defendant makes regarding the stipulation has to do with attorneys' fees.  Defendant contends that because Plaintiff's counsel did not sign the stipulation, this means that

the attorneys' fees and costs in this case will not be limited by the stipulation and may exceed the statutory maximum of $5 million.  Essentially, Defendant makes the argument that, despite Plaintiff's sworn stipulation to the contrary, Plaintiff's counsel intends to abuse CAFA's intent by exceeding the jurisdictional minimum after remand and seeking a large fee award.  Defendant cites to examples of other class action lawsuits involving Plaintiff's counsel in which counsel received large attorneys' fee awards, ostensibly to show that large fee awards in other cases will translate to a large fee award in the case at bar.  Despite Defendant's arguments, however, the Court finds that Plaintiff's sworn stipulation is sufficient to limit the total award, including the award for attorneys' fees.  The stipulation is explicitly "inclusive of costs and attorneys' fees," and the same limitation is present in the text of the Complaint.

The overarching argument Defendant submits is that the Court should completely disregard Plaintiff's self-imposed limitations in his Complaint and attached stipulation, and instead calculate the amount in controversy based on the possibility that Plaintiff could amend his Complaint in the future to increase the amount of recovery sought.  Speculation as to Plaintiff's future actions cannot vest this Court with jurisdiction where it otherwise has none at the time of removal.  If a court could base its jurisdiction solely upon the possibility of a future amendment by a plaintiff, any case filed in state court would be susceptible to removal no matter how the plaintiff stated his claims.

The Arkansas legislature has addressed this very issue in passing a statute this year that codifies *Bell* and explicitly allows a plaintiff to file a binding stipulation "with respect to the amount in controversy" in order to establish subject matter jurisdiction.  *See* Ark. Code Ann. § 16-63-221 (a).  Defendant reads a portion of this statute to "[provide] an avenue for plaintiffs to attempt to evade their initial stipulations about the amount in controversy." Doc. 9, p. 24.  The Court disagrees

8

with Defendant's characterization of the statute and finds that it merely preserves a plaintiff's option to amend the Complaint in the future. *See* Ark. Code Ann. § 16-63-211 (b) ("A Declaration. . .is binding on the Plaintiff with respect to the amount in controversy unless the Plaintiff subsequently amends the complaint to pray for damages in an amount which exceeds the jurisdictional limits of the Court . . .").

Defendant's concern about Plaintiff's future amendment of the Complaint is of no moment. If Plaintiff were to amend his Complaint after remand, disclaiming his sworn stipulation and seeking instead an amount in excess of the jurisdictional maximum, it follows that Defendant would have the right to remove again, should removal be justified. It is no longer the rule that CAFA cases must be removed within a year. Now they may be removed at any time, assuming they are removable. 28 U.S.C. § 1453 (b); s*ee e.g. Bartnikowski v. NVR Inc.*, 307 Fed. Appx 730, 739 (4th Cir. 2009) ("a CAFA defendant who cannot meet his burden for removal at the early stages of litigation may still have recourse to the federal courts later, as Congress has eliminated the one-year time limit on CAFA removal actions"); *Lowdermilk v. U.S. Bank Nat'l Assoc.,* 479 F.3d 994, 1002-03 (9th Cir. 2007) ("CAFA mitigates some of the potential for abuse [by plaintiffs] by eliminating the one-year removal limitation"). In short, Defendant's fear regarding Plaintiff's plans for the future of this litigation cannot drive the Court's decision on remanding the case, considering Plaintiff's legal and binding stipulation limiting the dollar amount of aggregate recovery.

## 2.  Due Process Concerns for the Class

Defendant believes Plaintiff has exhibited bad faith in seeking to limit the as-yet-unknown class members to damages over a two-year period, rather than the full five years of damages potentially recoverable under the statute of limitations. *See* Doc. 9, p. 13. As the master of his

complaint, Plaintiff may choose what claims to bring and what claims to leave out. "[A] removing defendant can't make the plaintiff's claim for him; as master of the case, the plaintiff may limit his claims (either substantive or financial) to keep the amount in controversy below the threshold." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Defendant fails to cite any authority which states that a plaintiff may not seek to recover damages for a period of time shorter than the statute of limitations provides. Nor is the Court persuaded that Plaintiff's temporal limitation on recovery evidences his bad faith.

Defendant cites to the case of *Bass v. Carmax Auto Superstores, Inc.*, 2008 WL 441962 (W.D. Mo., Feb. 14, 2008), for the proposition that a class plaintiff has no right to limit recovery for a class without court approval. However, the *Bass* case was decided before *Bell*, and the holding in *Bass* contradicts both the plain language and the spirit of the Eighth Circuit's holding in *Bell*. Furthermore, putative class members may simply opt out of the class and pursue their own remedies if they feel that the limitations placed on the class by Plaintiff are too restrictive. *See Murphy,* 2011 WL 1559234 at *3 (". . . the plaintiffs in state court who choose not to opt out of the class must live with it," *quoting Morgan v. Gay*, 471 F.3d 469, 477-78 (3rd Cir. 2006), *cert. denied*, 128 S. Ct. 66 (2007)).

### III. Conclusion

The Court finds that Plaintiff has shown to a legal certainty that the aggregate damages claimed on behalf of the putative class shall in good faith not exceed the state court's jurisdictional limitation of $5,000,000. Accordingly, Plaintiff's Motion to Remand (Doc. 6) is hereby **GRANTED**. This case shall be remanded forthwith to the Circuit Court of Miller County, Arkansas.

**IT IS SO ORDERED** this 2nd day of December, 2011.

*/s/ P. K. Holmes,* III

P.K. HOLMES, III
UNITED STATES DISTRICT JUDGE