IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GREG KNOWLES, individually and as class
representative on behalf of all similarly situated
persons within the State of Arkansas                                                    PLAINTIFF

v.                                              No. 4:11-cv-04044

THE STANDARD FIRE INSURANCE COMPANY                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Defendant The Standard Fire Insurance Company's motion to strike or for judgment on the pleadings (Doc. 40) and brief in support (Doc. 41); Plaintiff's response in opposition (Doc. 44); and Defendant's reply (Doc. 45), was filed without leave of Court but was nonetheless considered.

For the reasons described herein, Defendant's motion to strike or for judgment on the pleadings (Doc. 40) is DENIED.

**I.       Procedural History**

On April 13, 2011, Plaintiff filed a putative class action complaint in the Circuit Court of Miller County, Arkansas, alleging breach of contract due to Defendant's underpayment of claims for loss or damage to real property.  Plaintiff's home was damaged by hail on or about March 10, 2010, and thereafter, Plaintiff made a claim against his homeowners insurance policy, which was issued by Defendant. Plaintiff contends that Defendant failed to pay for charges reasonably associated with retaining the services of a general contractor.  These charges, known as general contractors' overhead and profit ("GCOP"), comprise an extra 20% fee routinely assessed by contractors when repairing damaged property.  According to Plaintiff, Defendant fraudulently concealed its obligation to pay

GCOP charges and forced Plaintiff and a purported class of persons similarly situated to bear this cost and suffer the ensuing injury. According to the complaint, the class includes "hundreds, and possibly thousands, of individuals geographically dispersed across Arkansas . . . ."

The initial scheduling order in this case issued on May 18, 2011. On July 5, 2011, the Court granted the parties' joint motion to suspend all deadlines, including the discovery deadline, pending the Court's resolution of Plaintiff's pending motion to remand. After the parties conducted extensive briefing on the remand issue, the Court issued its decision granting remand on December 2, 2011. Thereafter, Defendant appealed the remand order all the way to the U.S. Supreme Court. The Supreme Court reversed this Court's decision to remand on March 19, 2013. Then on May 24, 2013, the Eighth Circuit issued its mandate with respect to the Supreme Court's judgment, giving directions to this Court to "retain jurisdiction and proceed accordingly." In the meantime, following the Supreme Court's decision but prior to the Eighth Circuit's mandate, Plaintiff filed a second motion to remand the case, which the Court denied on August 2, 2013. At that point, Plaintiff petitioned the Eighth Circuit for leave to file an interlocutory appeal of the Court's second remand order. The Eighth Circuit issued its mandate on September 11, 2013, denying Plaintiff's motion to file an interlocutory appeal.

With the numerous stays that have been necessitated by motions practice and the appellate process, discovery in this case has not progressed since it was removed to this Court in May of 2011. Once Plaintiff's second motion to remand was denied, the Court entered an amended initial scheduling order on August 20, 2013, tentatively proposing a trial date of September 15, 2014, and a discovery deadline of 90 days prior to trial. However, on September 16, 2013, Defendant filed a motion to strike the class allegations, or in the alternative, for judgment on the pleadings as to the

class allegations only. It is the Court's understanding that discovery has again come to a halt as the parties wait for the Court's order regarding the viability of the alleged class claims.

**II.    Legal Standard**

As an initial matter, the Court observes that "striking a party's pleadings is an extreme measure, and, as a result . . . motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotation omitted). Rule 12(f) states that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The district court has "liberal discretion" when deciding whether to strike any portion of a pleading pursuant to this Rule. *Stanbury*, 221 F.3d at 1063.

The standard of review for a motion for judgment on the pleadings pursuant to Rule 12(c) is the same as the standard used in evaluating a Rule 12(b)(6) motion to dismiss. *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009). "Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002).

**III.    Discussion**

The Court recognizes that in many cases, a motion to strike or dismiss a plaintiff's class allegations prior to discovery on class-related issues and prior to the submission of a motion for class certification would be premature. *See Walker v. World Tire Corp., Inc.*, 563 F.2d 918, 921 (8th Cir. 1977) ("The propriety of class action status can seldom be determined on the basis of the pleadings alone . . ."); *Rios v. State Farm Fire and Cas. Co.*, 469 F. Supp. 2d 727, 740 (S.D. Iowa 2007) ("Prior to the class certification stage, a defendant may move to strike class allegations prior to

discovery *in rare cases* where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met.") (emphasis added and internal citations omitted). "While the Eighth Circuit has not yet set the standard explicitly, the weight of authority indicates that courts should meet motions to dismiss class allegations at the 12(b)(6) stage with a great deal of skepticism." *Nobles v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 4090347,*2 n. 1 (W.D. Mo. Sept. 17, 2012).

The Eighth Circuit has held, however, that "class claims that fail to meet the requirements of Rule 23 may be properly dismissed by granting a Rule 12(b)(6) motion." *McCrary v. Stifel Nicolaus & Co.*, 687 F.3d 1052, 1059 (8th Cir. 2012). Claims that cannot satisfy Rule 23(b)(3)'s predominance requirement, for example, will not be appropriate for class treatment and may be dismissed. *Id.* Similarly, a court may strike class allegations when they involve "a largely legal determination, and no proffered or potential factual development offers any hope of altering that conclusion." *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011); *In re St. Jude Med. Inc. Silzone Heart Valves Prods. Liab. Litig.*, 2009 WL 1789376, *2 (D. Minn. June 23, 2009) ("Where the class allegations are insufficient to support certification, a district court has the authority and discretion to strike those allegations under Rule 23 . . .").

Here, Defendant argues that "[a]s a matter of law, the question of whether a general contractor is needed to repair damage to a particular property is a case-by-case, claim-by-claim determination that cannot be decided *en masse* in a class action context." (Doc. 41, p. 1). In particular, Defendant contends that "[w]hether a general contractor's services are reasonably necessary is a case-by-case determination based on the nature and extent of the damage, the complexity of the repairs and the capabilities of the construction professionals working in the local

area, among other factors." *Id.* at p. 2. Plaintiff responds that its class claims should not be dismissed because it has been sufficiently alleged that Defendant engaged in a uniform course of misconduct. Moreover, Plaintiff maintains that it is too soon for the Court to decide the class certification issue as a matter of law, as discovery on class issues has not truly begun, and this case is still in the early stages of litigation.

In examining the pleadings and the parties' briefing on the motion to strike or dismiss, it appears unlikely that Plaintiff will prevail on a motion for class certification, even after class discovery is completed. The class allegations, as they have been styled in the complaint, would seem to require an individualized inquiry into (1) whether each class member is entitled to payment of GCOP in connection with loss or damage to a dwelling, (2) whether Defendant failed to pay GCOP on each claim that was entitled to payment, and (3) whether each class member is entitled to money damages for breach of contract.

On the other hand, the Court recognizes that Plaintiff has not had the opportunity to take any meaningful discovery on class certification issues, and the Court is therefore hesitant to issue an order foreclosing the possibility of any class-wide remedy at this stage of litigation. Plaintiff has failed to provide the Court with a list of areas of factual inquiry that he intends to develop in discovery on the topic of class certification. Instead, Plaintiff focuses on legal issues in dispute, such as the interpretation of the contractual language at issue in relation to the payment of GCOP. However, the Court cannot determine, to a sufficient degree of certainty, based on the current record, that the requirements for class certification cannot be met on Plaintiff's claims. In an abundance of caution, therefore, and construing the class claims liberally in Plaintiff's favor, the Court DENIES Defendant's motion to strike or for judgment on the pleadings (Doc. 40) and ORDERS a brief period

of discovery limited to Plaintiff's individual claim and facts pertinent to the issue of class certification. This initial period of discovery will conclude on February 28, 2014. Thereafter, Plaintiff will have two weeks to prepare and file his motion for class certification, which will be due no later than March 14, 2014. Defendant's response to the motion for class certification will be due no later than March 28, 2014. Plaintiff is granted leave to file a reply, should he so choose, no later than April 4, 2014.

After the briefing on a motion for class certification is complete, the Court will issue its decision. If the Court determines that a class should be certified, the parties will begin a second phase of discovery on the merits of the certified class members' claims. The deadline for the second phase of discovery, as well as the trial date and other trial-related deadlines will be set, if necessary, in a future order following the Court's decision on class certification.

Finally, with regard to Plaintiff's interest in possibly amending his complaint, any timely-filed motion to amend will be considered by the Court if appropriate.

### IV.    Conclusion

Defendant The Standard Fire Insurance Company's motion to strike or for judgment on the pleadings (Doc. 40) is DENIED. All deadlines in this case are terminated except for the deadlines articulated in this order with respect to discovery on class certification issues and Plaintiff's motion for class certification.

**IT IS SO ORDERED** this 11th day of December, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE