IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GREG KNOWLES, individually and as class
representative on behalf of all similarly situated
persons within the State of Arkansas                                    PLAINTIFF

v.                              No. 4:11-cv-04044

THE STANDARD FIRE INSURANCE COMPANY                                    DEFENDANT

## ORDER

Currently before the Court is Plaintiff Greg Knowles' motion (Doc. 53) to dismiss his individual claims with prejudice and to dismiss the claims of the purported class without prejudice. Also before the Court are Plaintiff's amended motion (Doc. 54) to dismiss, Defendant The Standard Fire Insurance Company's response (Doc. 55), and Plaintiff's motion (Doc. 56) for leave to file a reply.

It appears that Plaintiff filed his amended motion (Doc. 54) to dismiss with the intention that it would supercede the original motion to dismiss. Accordingly, the original motion (Doc. 53) to dismiss is DENIED AS MOOT, and the Court will consider only the amended motion.

Plaintiff's motion (Doc. 56) for leave to file a reply is GRANTED. However, the Court has considered the exhibit (Doc. 56-1) attached to the motion as Plaintiff's reply, and therefore, no further filing is required of Plaintiff.

Defendant does not oppose the dismissal of Plaintiff's individual claims and the class claim, provided that Defendant be permitted to submit a bill of costs to the Clerk of Court for any allowable costs incurred in the litigation of this action, as set forth in 28 U.S.C. § 1920. The United States Supreme Court previously entered an order and judgment in favor of Defendant in the amount of

-1-

$826.00 for costs expended in connection with filing the appeal.  *See* Doc. 55-1.  Plaintiff agrees that the costs ordered by the Supreme Court have not yet been paid to Defendant and are therefore due and owing.  However, Plaintiff objects to the further taxing of costs against him above and beyond those costs ordered by the Supreme Court.

Pursuant to Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  However, in this case, Defendant cannot be considered "a prevailing party" simply because Plaintiff chose to voluntarily dismiss his case.  *Sequa Corp. v. Cooper*, 245 F.3d 1036, 1037 (8th Cir. 2001) (per curiam) ("[W]e disagree with the court's conclusion that Sequa's voluntary dismissal of the action made defendants prevailing parties . . .'").  Nevertheless, a district court retains its inherent authority to award costs incurred defending a claim prior to the claim's voluntary dismissal "even though a voluntary dismissal without prejudice means that neither party can be said to have prevailed."  *Id.* at 1037-38.

Defendant submits that the equities weigh in favor of an award of costs related to filing fees, fees for deposition transcripts, and photocopying that Defendant incurred prior to Plaintiff's voluntary dismissal and in addition to the fees awarded by the Supreme Court.  According to Defendant, such costs are warranted since Plaintiff "concluded not only that he was unlikely to obtain class certification, but also that his individual claims were not worth pursuing."  (Doc. 55, p. 2).

In response, Plaintiff argues that he "should not be penalized for voluntarily bringing this litigation to a prompt and voluntary conclusion" in light of the fact that his "financial resources are limited, particularly when compared to those of the Defendant; there was no misconduct by either

party; an award of costs would present a chilling effect on class action plaintiffs in consumer actions seeking to vindicate their rights against insurer misconduct in Arkansas; and issues in this case were close and difficult, as evidenced by the various orders issued in regard to removal jurisdiction . . . ." (Doc. 56-1, p. 6).

After careful consideration of the parties' briefing, the Court in its discretion finds that costs exceeding the $826.00 ordered by the Supreme Court are not warranted considering Plaintiff's good faith litigation of the issues throughout the pendency of this matter.  Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's amended motion (Doc. 54) to dismiss his individual claims with prejudice and to dismiss the claims of the purported class without prejudice is **GRANTED**, and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that costs related to the appeal of this matter are assessed against Plaintiff pursuant to the order and judgment of the United States Supreme Court (Doc. 55-1) in the amount of $826.00.  The parties are otherwise ordered to bear their own costs.  Judgment shall enter in accordance with the terms of this order.

**IT IS FURTHER ORDERED** that Plaintiff's original motion (Doc. 53) to dismiss is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's motion (Doc. 56) for leave to file a reply is **GRANTED**, but no further filing by Plaintiff is required, as the Court considered the exhibit (Doc. 56-1) attached to the motion for leave as Plaintiff's reply.

**IT IS SO ORDERED** this 5th day of March, 2014.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE